UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order REMANDING cases CV 15-8910 and CV 15-9022

Before the Court are Counter-Defendants Michele R. Clark, David Marcus, and Eric Chomsky's motions to remand cases CV 15-8910 and CV 15-9022 to state court. *See* CV 15-8910, Dkt. #18; CV 15-9022, Dkt. #22. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court GRANTS Counter-Defendants' motions. Additionally, the Court IMPOSES SANCTIONS in the amount of $6,000 against Charles Kinney.

I.      Background

The parties and this Court are well-versed in the long history of this case. The Court will thus only provide background information specifically relevant to the present motions to remand.

In 2006, Charles Kinney and Kimberly Kempton purchased residential property from Clark. *See Kempton v. Cooper*, No. B255794, 2015 WL 3509291, at *2 (Cal. Ct. App. June 4, 2015) (unpublished), *as modified* (July 6, 2015). Kinney and Kempton then instigated a series of actions and cross-actions against, among others, the seller, the seller's real estate agent, and their neighbors (sometimes referred to as the Fernwood litigation). *Id.* One of these actions was *Kempton v. Cooper*, BC354136. *Id.*[1]

The superior court dismissed BC354136 without leave to amend, and awarded attorney's fees in December 2008. 2015 WL 3509291, at *1–2. The subsequent years featured a flurry of

---

[1]  Due to the high volume of cases featuring many of the same parties, it is somewhat confusing to refer to cases using their case names. Thus, for clarity, the Court will generally refer to cases by their case numbers (e.g. *Kempton v. Cooper* will be referred to throughout this order as BC354136).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

activity, including Clark's bankruptcy in 2010 and a number of appeals in the related actions and cross-actions. *Id.* at *2–3. Clark and others have ultimately been awarded thousands of dollars in attorney's fees, and Kinney was declared a vexatious litigant by the California Court of Appeal and disbarred by the state of California. *Id.* at *2, *4 n.7.

In March 2014, the California Superior Court awarded Clark additional attorney's fees incurred during her attempts to enforce the December 2008 fee award. *Id.* at *3. This was affirmed on appeal. *Id.* at *9. Clark moved for attorney's fees incurred during that appeal in October 2015. *See Charles Kinney v. Carolyn Cooper, et al.*, CV 15-8910 PSG (JCx), Dkt. #1, Attachment 1 (C.D. Cal. Nov. 13, 2015) ("*8910 NOR*"). Kinney then removed BC354136 to this Court on the basis of that motion, arguing that the Court has subject matter jurisdiction on a number of grounds. *See generally 8910 NOR*.

The California Superior Court entered another fee award in BC354136 in May 2015. *See Charles Kinney v. Carolyn Cooper, et al.*, CV 15-9022 PSG (JCx), Dkt. #1, Attachment 1 (C.D. Cal. Nov. 17, 2015) ("*9022 NOR*"). Kinney appealed to the California Court of Appeal, and was assigned case number B265267. *Id.* Clark filed a motion to dismiss the appeal. *Id.* Kinney then removed B265267 to this Court on the basis of that motion. *Id.* The grounds for removal in CV 15-9022 are substantively identical to the grounds identified in the notice of removal filed in CV 15-8910. *Compare 9022 NOR*, *with 8910 NOR*.

The Court notes that it has previously dealt with similar removals filed by Kinney. In 2012, Kinney removed *Kempton v. Clark*, BC374938 (a related action to BC354136), after receipt of a reply brief. *See Kimberly Kempton, et al. v. Michele R. Clark, et al.*, CV 12-10046, Dkt. #1 (C.D. Cal. Nov. 26, 2012). The Court remanded the case for lack of subject matter jurisdiction, *id.*, Dkt. #7, which was affirmed on appeal, *id.*, Dkt. #19. Kinney again removed BC374938 on the basis of a supplemental reply brief. *See Kimberly Kempton, et al. v. Michele R. Clark, et al.*, CV 13-8147, Dkt. #1 (C.D. Cal. Nov. 4, 2013). The Court again remanded. *Id.*, Dkt. #12. Kinney removed BC374938 for a third time after Clark filed a motion for attorney's fees. *See Kimberly Kempton, et al. v. Michele R. Clark, et al.*, CV 15-1143, Dkt. #1 (C.D. Cal. Feb. 2, 2015). The Court again remanded. *Id.*, Dkt. #24 ["3/11/15 Order"]. The Court also sanctioned Kinney, *id.*, and awarded attorney's fees, *id.*, Dkt. #47. The Ninth Circuit affirmed. *Id.*, Dkt. #52.[2]

---

[2] In 2014, Plaintiff filed suit for civil rights and Racketeer Influenced and Corrupt Organizations ("RICO") Act violations in the Northern District of California. *Charles Kinney v. Eric Chomsky, et al.*, CV 14-5895 PSG (MRWx), Dkt. #1 (C.D. Cal. May 12, 2014). The case was eventually transferred to this Court. *Id.*, Dkts. #27, 30. The Court dismissed the claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

II.   Removal

The Court begins with Counter-Defendants' motions to remand the cases.[3]  Kinney removed BC354136 and B265267 pursuant to 28 U.S.C. §§ 1441, 1443, 1452, the Civil Rights Act of 1866, § 3, and Federal Rules of Bankruptcy Procedure 7001(2), (7), (9) and (10).  *See 8910 NOR* at 3; *9022 NOR* at 3.  For the reasons discussed below, the Court finds that removal is improper under all of Kinney's theories.[4]

A.   28 U.S.C. § 1441

The Court has previously explained in depth why the similar removal in BC374938 failed under § 1441.  *See 3/11/15 Order* at 2–3.  The Court will thus only briefly address why removal also fails here.

First, only defendants can remove cases under § 1441.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988).  Kinney is not a defendant in the state actions he wishes to remove.  Indeed, Kinney appears to recognize this.  *See 8910 NOR* at 3 ("In Los Angeles County Superior Court Case #BC354136 (before stayed by the July 2010 filing of Debtor's bankruptcy via 11 U.S.C. Sec. 362 and then subject to a discharge injunction), Creditor Kinney had been a plaintiff, a cross-defendant, and a cross-complainant."); *accord 9022 NOR* at 3.

Second, there is no federal question or diversity jurisdiction.  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete

---

with prejudice.  *Id.*, Dkt. #62.  The Ninth Circuit affirmed.  Dkt. #75.

[3]   Kinney argues that Counter-Defendants have no standing to file a motion to remand.  *8910 Opp.* 2–4; *9022 Opp.* 1–4.  Even if this were true, the "Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction."  *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011).

[4]   Counter-Defendants also argue that the removals are improper because they are untimely, barred under the *Rooker-Feldman* Doctrine, and precluded by collateral estoppel.  *8910 Mot.* 13, 15–16; *9022 Mot.* 13–16.  Because these concerns would only come into play if removal were otherwise proper, and the Court finds that the removals were inappropriate, the Court need not address these other rationales for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

diversity between the parties, *see* 28 U.S.C. § 1332. The presence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Kinney, however, seeks to remove a motion for attorney's fees and a motion to dismiss a state-court appeal. *See 8910 NOR* at 4–7; *9022 NOR* at 4–7.[5] Kinney also makes no attempt to establish diversity jurisdiction. *See generally 8910 NOR*; *9022 NOR*.

Removal under § 1441 is thus inappropriate.

B.   Civil Rights—28 U.S.C. § 1443 and the Civil Rights Act of 1866

i.   § 1443(1)

As with § 1441, the Court has previously explained in depth why the similar removal in BC374938 failed under § 1443(1). *See 3/11/15 Order* at 4–5. Thus, the Court will again only briefly address why removal fails here.

First, only defendants can remove under § 1443. *Id.* at 4 (citing *Guttman v. Silverberg*, 374 F. Supp. 2d 991, 992 (D. N.M. 2005)). Kinney, however, is not a defendant.

Second, removal under § 1443(1) is only proper if Kinney satisfies a two-part test: (1) "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Kinney fails under both prongs. Kinney cites to a variety of statutes and rights, including the "Voting Rights Act," the "Civil Rights Act of 1866," and "42 U.S.C. Sec. 1981 and 1982." *See, e.g.*, *8910 NOR* at 3, 9, 11–13, 16; *9022 NOR* at 3, 9, 11–12, 18. Kinney does not, however, sufficiently address how these are rights asserted as a defense to prosecution, or even how these

---

[5]   Kinney argues that the Court has jurisdiction under a variety of federal laws. *8901 Opp.* 5 (citing his counter-claim and third-party complaint); *9022 Opp.* 4 (same). Kinney does not argue, however, that any of these federal laws were included in the original complaint in BC354136 (i.e. there is no argument that the original state-court case arose under federal question jurisdiction), so the Court need not address these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

rights relate to his case.[6] Kinney also fails to cite to any state statute or constitutional provision that ignores federal rights. And, Kinney's myriad allegations of error, bias, and discrimination against him in California state courts does not convince the Court that those courts have been depriving, or will deprive, Kinney of any federal civil rights. *See State of Ga. v. Rachel*, 384 U.S. 780, 804 (1966) (noting that removal could be justified in the absence of a statute or constitutional provision "if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court").

        ii.       *§ 1443(2)*

Kinney also attempts to remove under § 1443(2). As noted, removal is improper because only defendants can remove under § 1443. Also, the application of § 1443(2) is limited "to federal officers and to persons assisting such officers in the performance of their official duties" and to state officers. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966); *see also Sankary v. Ringgold-Lockhart*, 611 F. App'x 893, 895 (9th Cir. 2015); *Colfin AI-CA LLC v. Williams*, No. EDCV 14-0194 JGB, 2014 WL 585427, at *3 (C.D. Cal. Feb. 13, 2014). Kinney does not include any allegations that establish that he falls within the ambit of this subsection.

        iii.      *Civil Rights Act of 1866, §3*

Kinney argues that removal is also proper under section 3 of the Civil Rights Act of 1866. The Northern District of California recently addressed the same contention by Kinney:

> As an initial matter, the court finds that Mr. Kinney's assertion of removability fails to the extent it is based on the Civil Rights Act of 1866. He quotes from the Civil Rights Act of

---

[6] Kinney makes repeated references in his notice of removal to rights being denied to his racial minority clients. *See, e.g.*, 8910 NOR at 11 ("As to civil rights violations, before Creditor Kinney, as an attorney, was made involuntary inactive by the Cal. State Bar as of Dec. 14, 2014, Kinney represented several racial minority clients who had active cases including cases filed under the Voting Rights Act of 1964 and other federal laws. The state court filings by Clark and attorney Marcus (e.g. in violation of the discharge injunction) are being done to retaliate against Kinney, as an attorney and as an individual, and against his racial minority clients to prevent them from pursuing and/or protecting their equal federal civil rights or other federal rights."). This appears to be a reference to an entirely unrelated case, *Nazie Azam, et al. v. Jerry Brown, et al.*, CV 14-2323 (C.D. Cal.). *Id.* at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

1866 in his opposition, but that statute has undergone several revisions. *See* [*Rachel*, 384 U.S. at 782, 788–797, 802]. The substantive and removal provisions of the Civil Rights Act of 1866 were carried forward into different sections of the Revised Statutes of 1874. *Id.* at 789 & n.12. Section 3 of the Civil Rights Act of 1866, which contained the removal provision that Mr. Kinney relies on, was moved into section 641 of the Revised Statutes. *Id.* at 789, 795–96. Later, section 641 of the Revised Statutes was modified and became the operative statute at issue, 28 U.S.C. § 1443. *Id.* at 786, 802.

*Supreme Court of California v. Kinney*, No. 3:15-CV-01552 LB, 2015 WL 3413232, at *2 (N.D. Cal. May 27, 2015); *see also Ballard v. D.C.*, 813 F. Supp. 2d 34, 43 (D.D.C. 2011) ("Section 1443 has its roots in § 3 of the Civil Rights Act of 1866."). In short, Kinney's request for removal under section 3 is really a request for removal pursuant to § 1443. The Court has already explained why this fails.

    C.    <u>Bankruptcy Law—28 U.S.C. § 1452 and Federal Rules of Bankruptcy Procedure 7001(2), (7), (9) and (10)</u>

        i.    *§ 1452*

Section 1452 allows removal of a state action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. Section 1334(b), in turn, provides that 'the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.'" *In re Miles*, 430 F.3d 1083, 1087 (9th Cir. 2005) (citations and internal quotation marks).

"The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." § 1452(b). "The 'any equitable ground' standard gives the court 'an unusually broad grant of authority' in determining whether to remand a case." *Picbengro, LLC v. PCCP LB Studio City Los Angeles, LLC*, No. 2:13-CV-09159-CAS, 2014 WL 3715439, at *2 (C.D. Cal. July 21, 2014) (quoting *In re Roman Catholic Bishop*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)). "Courts have typically identified seven factors governing the decision to remand: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal." *Id.* (quoting *Hendricks v. Detroit Diesel Corp.*, No. C-09-3939 EMC, 2009 WL 4282812, at *8 (N.D. Cal. Nov. 25, 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

Kinney devotes much of his notices of removal and oppositions to bankruptcy issues. He argues that Counter-Defendants' conduct in the state court violates orders in the bankruptcy case (specifically, a "discharge injunction), that bankruptcy law completely preempts state law, that BC354136 is already in the federal court system due to Clark's bankruptcy filing in 2010, that all state court rulings after the bankruptcy filing violated a stay and the discharge injunction and are therefore void, and that the bankruptcy court may have erred in making certain decisions. *See, e.g.*, *8910 NOR* at 2–8, 12, 17; *Opp.* 2–7, 9–10, 12–17.

Even assuming that the state-court actions are related to the prior bankruptcy proceeding, the Court believes that equity requires remand. *See Tran v. Select Portfolio Servicing, Inc.*, No. 14-CV-05404-HSG, 2015 WL 1802445, at *2 (N.D. Cal. Apr. 20, 2015). The two motions that Kinney cites for removal relate to attorney's fees. The bankruptcy court specifically granted a motion to abandon property to allow these attorney's fee motions:

> The purpose of this Motion is to determine whether Debtor's right to recover attorneys' fees against Kempton and Kinney should be abandoned by the Trustee. This Court is not determining whether the amount of fees, if any, are recoverable under the sales contract and California law. Those issues will be adjudicated in the state court.
>
> * * *
>
> Therefore, the Motion is Granted. All of Debtor's right to recover attorneys' fees and costs from Kempton and Kinney arising from litigation concerning [the Fernwood litigation] are deemed to have been abandoned by the Trustee.

*Order Granting Motion to Abandon Property*, *In re Michele R. Clark*, Case No. 2:10-bk-41323-RN (Bankr. C.D. Cal. Oct. 18, 2012).[7] This suggests that the state-court actions will not infringe on the administration of the bankruptcy estate.

Looking at the other factors, the Court sees no reason that it should keep the case in federal court. The attorney's fee motions are pure state-court matters that belong in state court. The Court is not persuaded that any bankruptcy concerns are being violated by any actions or decisions in state court. Nor is the Court persuaded that Clark's bankruptcy filing removed

---

[7] The bankruptcy court's order was filed as part of Counter-Defendants' Request for Judicial Notice. CV 15-8910, Dkt. #20. "It is well established that [courts] may take judicial notice of judicial proceedings in other courts." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

every pending state-court action to federal court or that the state-court actions at issue are completely preempted by bankruptcy law. And, many of Kinney's arguments rely on misstatements or mischaracterizations of the bankruptcy proceedings. There is simply nothing here that supports that federal supervision over BC354136 is necessary or proper.

        *ii.*     *Federal Rules of Bankruptcy Procedure 7001(2), (7), (9) and (10)*

Kinney also bases removal on Federal Rules of Bankruptcy Procedure 7001(2), (7), (9) and (10). *8910 NOR* at 3; *9022 NOR* at 3. These rules define adversary proceedings governed by the Bankruptcy Rules. *See* Bankr. P. 7001(2), (7), (9) and (10). Although he cites to these rules, Kinney does not explain why he can remove a case pursuant to them. The Court thus finds that removal under these rules is not appropriate.

III.    Sanctions

As discussed, this is now the fourth time that Kinney has removed cases to this Court on similar (and flawed) theories. After the second order, the Court warned Kinney that he would be sanctioned if he continued to file frivolous removals. *See 3/11/15 Order* at 5. After he ignored the Court's warning and removed again, the Court sanctioned him in the amount of $2,000. *Id.* at 5–7. The Court now considers whether additional sanctions are necessary in light of the newest removals.

    A.    Legal Standard

        *i.*     *Sanctions Under Rule 11*

Federal Rule of Civil Procedure 11 gives the Court authority to impose sanctions against litigants appearing before it. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'" *Truesdell*, 209 F.R.D. at 174 (citing Fed. R. Civ. P. 11(c)). The imposed sanction should be limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

A court considering Rule 11 sanctions should consider whether the party or parties' submissions were "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Schutts v. Bently Nev. Corp.*, 966 F. Supp. 1549, 1562 (D. Nev. 1997).

        ii.       *Sanctions Under the Court's Inherent Power*

Courts also have the inherent power to sanction conduct because they are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). However, only "conduct that is 'tantamount to bad faith' is sanctionable" pursuant to this power. S*ee B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). A party acts in bad faith when it "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 648–49 (9th Cir. 1997).

    B.      <u>Discussion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

In the previous order awarding sanctions, the Court wrote:

> The Court concludes that sanctions should be assessed against Kinney for attempting, for a third time, to remove this case to federal court without any apparent good faith basis. Kinney, an attorney, should know the basic requirements for removing a case to federal court. At the very least, he should have learned these requirements in the context of this case after his first two attempts at removal were remanded. *See Clark*, CV 12-10046 PSG (JCx), Dkt. #7, *aff'd Clark*, 2015 WL 603141 at *1; *Kempton*, CV 13-08147 PSG (JCx), Dkt. # 12. Moreover, the language of the Court's 2013 remand order was clear: any further attempt at baseless arguments before this Court could result in sanctions. *Kempton*, CV 13-08147 PSG (JCx), Dkt. # 12. These meritless filings have not only wasted judicial resources, but forced Defendant to incur the cost of litigating in federal court. The Court perceives this recent notice of removal to be the latest tactic in Kinney's vast litigation campaign designed purely to harass Defendant and others. Based on Kinney's frivolous and bad faith actions, this Court finds it appropriate to sanction him in the amount of $2,000.

*3/11/15 Order* at 6–7 (footnote omitted). Kinney argues he "does have a reasonable basis for filing the removal(s) since this is the first removal ever filed for BC354136 and/or appeal B265267; and since Clark et al are clearly violating the discharge injunction under 11 U.S.C. Sec. 524 and the bankruptcy laws." *8910 Opp.* 17. The Court disagrees and finds that the same logic previously supplied in sanctioning Kinney applies equally here. And, in light of the fact that the previous sanction of $2,000 was insufficient to deter Kinney's conduct, the Court believes that greater sanctions are warranted. The Court therefore finds it appropriate to sanction him in the amount of $6,000.

IV.     Other Motions

Counter-Defendants request an opportunity to file a motion for attorney's fees under 28 U.S.C. § 1447(c) because Kinney does not have reasonable bases for removal. *See 8910 Mot.* 16; *9022 Mot.* 17. Section 1447(c) authorizes courts to "award attorney's fees . . . where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Granting the court discretion to award attorneys' fees in these instances "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. The Court will exercise its discretion and consider a motion from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8910 PSG (JCx), CV 15-9022 PSG (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. Carolyn Cooper, *et al.* | | |

Counter-Defendants for fees reasonably incurred in defending themselves against Kinney's failed attempts to remove BC354136 and B265267 to federal court.

The Court also invites Counter-Defendants to file a motion to declare Kinney a vexatious litigant.

V.   Conclusion

The Court therefore REMANDS cases CV 15-8910 and CV 15-9022 to state court and IMPOSES SANCTIONS on Kinney in the amount of $6,000. The sanctions cover both removals, but for purposes of administration will be paid in CV 15-8910. The sanctions must be paid by **March 7, 2016**. Counter-Defendants must file their request for attorney's fees by **February 18, 2016**.

**IT IS SO ORDERED.**